## Fleming Estate

*E. Humes Garber*, for appellant.

*Irvin Stander, Irving N. Kieff* and *Francis Logan*, for Commonwealth.

*Joseph S. Lord, 3rd*, amicus curiae.

BOLGER, J., May 27, 1955.—This is an appeal from appraisement by the register of wills for inheritance tax.

The register of wills included in his appraisal for inheritance tax purposes benefits received by the administrator in the sum of $1,724.03, representing a payment by the Treasurer of the United States through the office of the Railroad Retirement Board.

Counsel for the accountant and for the register of wills have entered into a stipulation of fact in which it is stated that decedent was an employe of Reading Company, a public carrier engaged in interstate commerce from January 1, 1937, until the time of his death, October 11, 1952. During the course of his employment, his salary up to $300 a month amounted to $41,095.61, from which there was deducted in accordance with the Internal Revenue Code known as Federal Insurance Contributions Act, an aggregate of $1,838.37.

Decedent was not survived by a widow or issue and in his lifetime he failed to designate a beneficiary as permitted by the provisions of the Railroad Retirement Acts of 1935 and 1937, as amended.

By decree dated June 15, 1954, Joseph W. Lord, 3rd, Esq., was appointed amicus curiae to examine the facts and the law with reference to the appeal and file his report with the court. Mr. Lord consented to act without compensation and his brief, annexed hereto, has been of assistance to the court.

Both counsel and the amicus curiae indicate that this is a case of first impression and that their research has been unable to find any precedent passing upon the question whether payments made pursuant to the Railroad Retirement Act to a personal representative of a deceased employe are taxable under the provisions of the Pennsylvania Transfer Inheritance Tax Act.

Appellant contends that the amounts deducted from that portion of decedent's pay which did not exceed $300 per month were taxes paid by decedent; these taxes were paid into the Treasury of the United States as revenue for the general uses of the Government and were not deposited in a segregated account for the purposes of the Railroad Retirement Act. There was no earmarked fund into which these "involuntary" contributions could be traced. The now-deceased employe had no property right to demand the funds during his lifetime.

It is acknowledged that the provision of the Federal law for the collection of the tax is part of the Internal Revenue Code and it is argued that the benefits provided to employes of interstate carriers as contained in the Railroad Retirement Act have no direct relationship to the imposition and collection of the contributions.

An examination of the stipulation of fact shows that there is a direct relationship between the amount

that an employe is obliged to pay out of his salary and the amount that is payable to his estate where there are no dependent beneficiaries and where the employe has failed to receive back at least the amount that was contributed or taxed against his salary. The acts originally creating the tax and providing for the benefits have been carefully considered in the Court of Appeals for the Ninth Circuit in the case of State of California v. Anglim, 129 Fed. 2d 455. In that case the State of California, which operated a "belt-line", resisted the collection of the tax imposed upon it as a carrier engaged in interstate commerce. The imposition of the tax was declared to be constitutional and in considering the Carriers Taxing Act of June 29, 1937, sec. 1 et seq., 50 Stat. at L. 440, 45 U. S. C., §§261-273, and the Railroad Retirement Act of June 24, 1937, sec. 1 et seq., 50 Stat. at L. 307, 45 U. S. C., §§228a-228r, the court found that the acts were " 'companion', the one to provide the revenue to make the expenditures for the other. . . . It is enough that the outgo from the National Treasury for the pensions is to an equal extent expected by the Congress to be balanced by the inflow from the tax moneys of the benefitted employes and of their employer, presumably benefitted by the pensions paid them".

This case is interesting in that it characterizes employes of interstate carriers as "outside the personnel administering the State and Federal Government, their service is one of the most important to the material interest of the American people."

The Railroad Retirement Act is actually a pension plan administered by the Federal Government and funded by a tax imposed on the carriers and their employes. It seeks to provide annuities and pensions to retired employes and their dependents. It is somewhat analogous to Social Security with certain impor-

tant differences. One of the most important differences is the fact that upon the death of a contributor to Social Security, and in the absence of any dependent within the class specified by the law, the only return that will be made for the payments by the deceased contributor is a small lump sum payment on account of his funeral bill. His personal representative has no other claim. The balance of his tax payments and those of his employer remain in the treasury.

The Railroad Retirement Act, however, expressly provides, in the absence of any beneficiary or dependent, that there shall be paid to the estate of a deceased employe "a lump sum in an amount equal to the sum of 4 per centum of his compensation paid after December 31, 1936, and prior to January 1, 1947, and 7% of his compensation after December 31, 1946 (exclusive in both cases of compensation in excess of $300 for any month) minus the sum of all benefits paid to him . . . and to others deriving from him . . . during his . . . life or to others by reason of his . . . death under this chapter. . . ."

The measure of the lump sum coincides with the tax that has been imposed on the salary, although not in exactly the same amount, it is on the same scale, less any benefits that may have been expended during decedent's lifetime. A refund is intended.

The act provides that no annuity or pension payment shall be subject to any tax. This exemption is limited by its own language to an "annuity or pension" and does not affect a lump sum payment. This exemption is not analogous to the over-all exemption granted by Congress to payments received from adjusted service bonds and commuted value of war risk insurance: Schmuckli's Estate, 341 Pa. 36; Fisher's Estate, 302 Pa. 516. These payments have been well

recognized as gratuites by a grateful Government for services during time of war. But even these gratuities, when paid to a personal representative, can be made liable for payment of creditors' claims; see Jekuta Estate, 2 D. & C. 2d 139 (1955).

The amicus curiae urges that the tax cannot be imposed because Pennsylvania transfer inheritance tax under the Act of June 20, 1919, P. L. 521, 72 PS §2301, is not a property tax, but is a tax on the transfer of property. It is denied that decedent had any property right during his lifetime. Hence there was nothing that he could transfer. It is true that decedent had no right of ownership during his lifetime. In Enbody and Burke Estates, 85 D. & C. 49, this court determined the benefits derived under pension trust plans in each of which a deceased employe had designated a third party as beneficiary of the unused portion of the trust held for the benefit and retirement of the employe was not taxable. In each case there was a finding that the entire contribution or funding of the pension was at the expense of the employer and in neither case did the funds come into the hands of the personal representative of the pensioner. We held that by designating a beneficiary in each instance decedent was exercising a power of appointment over funds to which his personal representative could make no claim.

This is substantially different from the present case because the personal representative is given the right by the Railroad Retirement Act to demand the funds as personal representative.

I am not asked to determine whether this fund would have been taxable had this decedent designated a beneficiary.

As a living employe and taxpayer without those dependents enumerated in the act, decedent had the

property right to pass this sum to his heirs or legatees through his personal representative. He could have effectively disposed of the lump sum payment as a specific legacy by will. This is certainly such a property right and an interest in property effective in possession at or after the death of decedent and is, therefore, taxable.

The appeal is dismissed and the record is remitted to the register of wills.